## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

| | |
|---|---|
| EMMETT KENNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL CREDIT WORKS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, EMMETT KENNEY, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, NATIONAL CREDIT WORKS, INC., Plaintiff states as follows:

### I.    PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.    JURISDICTION & VENUE

2.    Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.    PARTIES

4.    EMMETT KENNEY, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Kaukauna, County of Outagamie, State of Wisconsin.

5.    Upon information and belief, the debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Cash One.

1

6.      The debt that Plaintiff allegedly owed Cash One was for a payday loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

7.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.      NATIONAL CREDIT WORKS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Wisconsin.  Defendant is incorporated in the State of New York.

9.      The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

2

## IV. ALLEGATIONS

14. On or about August 19, 2010, Defendant initiated a telephone call to Plaintiff and left a voicemail message for Plaintiff.

15. During the course of the aforesaid voicemail message Defendant stated that Plaintiff was in "very serious trouble."

16. Defendant further stated "[o]ur lawyer is set to subpoena you on Tuesday."

17. Defendant further informed Plaintiff that a subpoena was to be issued for Plaintiff because he had engaged in fraud.

18. Defendant then informed Plaintiff that it was "prepared to put a lien on [Plaintiff's] property."

19. Defendant's representation that a subpoena was to be issued for Plaintiff by its attorney was false, deceptive and/or misleading given that, upon information and belief, no attorney at Defendant was attempting to collect the debt Plaintiff allegedly owed.

20. Defendant's statements, as delineated above, had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in criminal and/or fraudulent conduct.

21. Plaintiff has not engaged in criminal and/or fraudulent conduct in relation to the debt on which Defendant was attempting to collect.

22. Defendant's representation that Plaintiff had engaged in criminal and/or fraudulent conduct was false, deceptive and/or misleading given that Plaintiff had not engaged in the aforesaid conduct relative to the debt on which Defendant was attempting to collect.

23. Defendant's statements, as delineated above, were statements made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

3

24.     At the time Defendant made the aforementioned threat to place a lien on Plaintiff's property, no lawsuit had been filed against Plaintiff for the debt he allegedly owed.

25.     At the time Defendant made the aforementioned threat to place a lien on Plaintiff's property, no judgment had been entered against Plaintiff for the debt he allegedly owed.

26.     Defendant could not place a lien on Plaintiff's property without first having secured a judgment against Plaintiff for the alleged debt.

27.     On or about August 19, 2010, after receiving the aforesaid voicemail message, Plaintiff initiated a telephone call to Defendant.

28.     During the course of the aforementioned telephone call, Defendant told Plaintiff that he owed a debt to Cash One.

29.     Defendant told Plaintiff that if he did not make an immediate payment to Defendant relative to the debt then Defendant would file a lawsuit against Plaintiff.

30.     Plaintiff then attempted to respond to Defendant's statements, but Defendant refused to allow Plaintiff to speak.

31.     Defendant interrupted Plaintiff and stated "[b]e quiet and listen to me. [i]f you interrupt me I will terminate this call."

32.     Again, Defendant told Plaintiff that it was going to file a lawsuit against Plaintiff unless he made an immediate payment to Defendant.

33.     Defendant then informed Plaintiff to hold on the telephone line and Plaintiff did as instructed.

4

34.    After several minutes, Defendant returned to the telephone line and informed Plaintiff that he was "so lucky because [Defendant] just caught the attorney handling [Plaintiff's] case who was on the way to the Court to file the lawsuit against [Plaintiff]."

35.    Defendant's representation that it had prevented its attorney from filing a lawsuit against Plaintiff was false, deceptive and/or misleading given that, upon information and belief, Defendant did not have an attorney that was licensed to practice law in the State of Wisconsin.

36.    Defendant's representation that it had prevented its attorney from filing a lawsuit against Plaintiff was false, deceptive and/or misleading given that, upon information and belief, no attorney was on the way to Court to file a lawsuit against Plaintiff.

37.    Defendant's statements, as delineated above, are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

38.    The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed Cash One.

39.    The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

40.    The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

41.    Defendant has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

42.    Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt he allegedly owes.

43.    Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

5

44.     Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

45.     Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

46.     In its attempts to collect the debt allegedly owed by Plaintiff to Cash One, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a.  Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    b.  Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

    c.  Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    d.  Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

    e.  Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    f.  Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

    g.  Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

6

h. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

i. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

j. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

47. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

48. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, EMMETT KENNEY, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**EMMETT KENNEY**


By:     s/ David M. Marco
        Attorney for Plaintiff

Dated: November 24, 2010
David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us

7